## Case No. 3,025.

### The COLON.

[10 Ben. 366.][1]

District Court, S. D. New York. March, 1879.

DAMAGES TO CARGO—MARKET VALUE — EVIDENCE —EXPERTS.

Bananas, forming part of a cargo of a steamer, were injured by her detention in performing a salvage service, and the owners of it were held to be entitled to recover the amount of the damages in a suit brought to recover salvage for the service. The evidence showed that the fruit was freshly cut when it was shipped on the 17th of August, and that such fruit usually stood a voyage of seven days, and that as far as it was seen before the 24th of August, on which day it would have arrived in New York but for the detention, it was in good condition. Evidence was given that the market was bare on the 24th, and that there were no sales on that day. Experts in the trade testified to values ranging from $2.00 to $2.50 per bunch for that day. Evidence was given that similar fruit which arrived on August 31st netted $1.83 per bunch for the consignment. The commissioner fixed the damages, taking the sound value of the fruit on the 24th of August at $1.98 per bunch, and exception was taken to his report. *Held*, that the evidence was properly admitted and that the weight of it sustained the report.

[Cited in The Boskenna Bay, 31 Fed. 613 | See 10 Ben. 60 [The Colon, Case No. 3,024].

[In admiralty. Libel by the owners, master, and crew of the steamship Aetna for salvage service. There was a decree for libellants, and a reference to a commissioner to compute the damages. Case No. 3,024. On the coming in of the report, the claimants filed exceptions thereto.]

Stephen H. Olin, for libellants.

Butler, Stillman & Hubbard, for claimants.

CHOATE, District Judge. In this case the salvage service rendered by libellants to the steamship Colon involved damage by detention to a part of the cargo of the Aetna, the salving vessel, consisting of bananas, and the co-libellants, the owners of the fruit, having been held to be entitled to recover in this suit the loss sustained by them on account of its detention from the 24th to the 26th of August, this part of the amount due the

[1] [Reported by Robert D. Benedict, Esq., and Benjamin Lincoln Benedict, Esq., and here reprinted by permission.]

libellants was at the trial, by consent. reserved to be determined by a reference to a commissioner, instead of being determined by the court on the trial. The commissioner has reported the amount of loss, basing his conclusion on the facts found by him, that if the fruit had arrived on the 24th, it would have then been in a sound and merchantable condition, and that its market value on that day would have been $1.98 per bunch. To this report the claimants have excepted, on the ground that upon the evidence the fruit was not sound on the 24th of August, and that the estimate of market value was excessive. I think the report of the commissioner is fully sustained by the evidence. As to the condition of the fruit, it was shown to have been green and freshly cut on the 17th, when shipped. The evidence is that such fruit stands a voyage of seven days, and so far as it was actually observed before the 24th, it was in good condition. It is not a just conclusion from the testimony of those who saw it on its arrival and who gave their opinion as to its prior condition, that it had become unsound or unmerchantable on the 24th. As to the value fixed by the commissioner, the testimony of several experts in the trade gave prices ranging from two dollars to two dollars and a half per bunch for the 24th. This evidence was clearly competent, there being no sales in the market fixing the price on that day. The commissioner very properly took into consideration the actual prices realized for fruit of the same quality, which arrived on the 31st of August and which netted for the entire consignment $1.83. The other consignments, which claimants insist should also be considered, were too remote in time or unlike in quality, and afforded no proper standard of comparison. The testimony justified the conclusion that the market for the Aetna's bananas on the 24th and a few days next thereafter, would have been better than the market was for the fruit that arrived on the 31st, and that on the 24th the market was bare. This circumstance was not of that extraordinary character that it should be considered as beyond the purview of the parties, or a circumstance affecting the damages which could not have been foreseen as likely to happen in this particular trade in perishable fruit, supplied, as it was, at intervals to the market of New York through pretty regular shipments by steamer and irregular arrivals by sailing vessels. The Aetna and the Colon being both in this trade the parties are clearly to be held to be familiar with the peculiarities of the market. The damages were therefore properly placed somewhat in excess of the prices realized from the next succeeding consignment, and the price of $1.98 adopted by the commissioner did no injustice to the claimants, the excepting party. Exceptions overruled, with costs to the co-libellants, from entry of order of reference.